**United States District Court**
For the Northern District of California

1
2
3
4

**NOT FOR CITATION**

5

6                        UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8
9
10

HELI HUANG,

11              Plaintiff,                          No. C-04-5281 PJH

12        v.

13                                                  **ORDER GRANTING IN PART**
     CHIRON CORPORATION,                            **AND DENYING IN PART**
14   and AHMAD HASHASH,                             **DEFENDANTS' MOTION TO**
                                                    **DISMISS**[1]
15              Defendants

16   _____/

17        Defendants' motion to dismiss the fifth, sixth, seventh, and eighth causes of action

18   alleged in the second amended complaint pursuant to Federal Rule of Civil Procedure

19   12(b)(6) for failure to state a claim, and motion to strike allegations of disability, came on for

20   hearing on June 22, 2005, before this court, the Honorable Phyllis J. Hamilton presiding.

21   Defendants Chiron Corporation and Ahmad Hashash ("defendants") appeared by their

22   counsel Jack Friedman, and plaintiff Heli Huang ("Huang") appeared by her counsel Ana

23   Luisa Molleda.  Having carefully reviewed the parties' papers and considered the arguments

24   of counsel and the relevant legal authority, and good cause appearing, the court hereby

25   DENIES the motion in part and GRANTS it in part, as follows and for the reasons stated at the

26   hearing.

27

28        _____
          [1] Pursuant to Civil Local Rule 7-13, this order may not be cited except as provided by Civil
     Local Rule 3-4(e).

A.      Fifth cause of action: Breach of Contract

Defendants' motion to dismiss the fifth cause of action is DENIED.  California Labor Code § 2922 has been construed to create a presumption of at-will employment, unless superseded by a contract limiting the employer's right to discharge that employee only for good cause.  See Foley v. Interactive Data Corp., 47 Cal. 3d 654, 677 (1988).  To state a claim upon which relief can be granted for this cause of action, Huang must allege the existence of an oral contract not to terminate except for good cause, thus overcoming the presumption of at-will employment.

In ruling on the defendants' motion to dismiss the first amended complaint ("FAC"), the court granted Huang leave to amend and required her to plead specific facts alleging the oral contract, thus providing Chiron with adequate notice of the specific claim against it.  The court finds that, in the Amended Second Amended Complaint ("SAC"), Huang has alleged facts sufficient to state a claim upon which relief can be granted by alleging that Hashash told Huang, in response to her concerns about job security, to "relax and just continue doing good work."  ¶ 69, SAC.  The court observes that defendants' arguments to dismiss this cause of action improperly look to the weight of the evidence presented by Huang, rather than to the sufficiency of her allegations.

However, the court will not permit Huang to subsequently allege facts additional to those found in the SAC because Chiron has been put on notice only of the statements included in the operative complaint.  Because Huang alleges only one statement in the SAC, this claim must rest only on the alleged statement.  Thus, Huang is bound by the allegations within the four corners of the SAC with respect to this cause of action.

B.      Sixth Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants' motion to dismiss the sixth cause of action for breach of implied covenant of good faith and fair dealing is GRANTED without leave to amend.  The California Supreme Court has refused to permit a cause of action for tort damages for breach of the implied covenant of good faith and fair dealing in the employment context. Foley, 47 Cal. 3d at 684.  As a cause of action seeking contractual remedies, the sixth cause of action is superfluous

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    and duplicative of the fifth cause of action, and is thus foreclosed under the rationale of Guz v.

2    Bechtel Nat'l, Inc., 24 Cal. 4th 317, 352-53 (2000).  C.   Seventh Cause of Action: Defamation

3           With respect to the seventh cause of action for defamation, Huang has sufficiently

4    alleged facts to state a claim for defamation.  Accordingly, defendants' motion to dismiss the

5    seventh cause of action is DENIED.  The court notes that defendants once again improperly

6    focus on the weight of Huang's evidence, rather than on the sufficiency of her allegations.

7    D.      Eighth Cause of Action: Fraudulent Concealment

8           Defendants' motion to dismiss the eighth cause of action for fraudulent concealment is

9    GRANTED, and the cause of action is dismissed with prejudice.  Huang has failed to state a

10   claim of fraudulent concealment, found at California Labor Code § 3602(b)(2).

11          The California Supreme Court has held that in order to sufficiently plead fraudulent

12   concealment, the complaint must allege in general terms facts that, if found true, establish the

13   existence of three elements: 1) the employer knew that the employee suffered a work-related

14   injury; 2) the employer concealed that knowledge from the employee; and 3) the concealment

15   aggravated the injury.  Foster v. Xerox Corp., 40 Cal. 3d 306, 312 (1985); Palestini v. Gen.

16   Dynamics Corp., 99 Cal. App. 4th 80, 89-90 (2002).  The court has observed, citing the

17   leading California case on fraudulent concealment, that a successful fraudulent concealment

18   cause of action requires a showing of an employer "knowingly ordering the employee to work

19   in an unsafe environment, concealing the risk from him, and, after the employee had

20   contracted an industrial disease, deliberately failing to notify

21   . . . the employee . . . of the disease and its connection with the employment, thereby

22   aggravating the consequences of the disease."  Johns-Manville Prods. v. Superior Court, 27

23   Cal. 3d 465, 468 (1980).

24          Defendants argue that Huang has again failed to allege defendants' knowledge of a

25   work-related injury, their concealment of that injury from Huang, or that Huang suffered an

26   actual injury as opposed to mere symptoms.  The court agrees that Huang has still not alleged

27   defendants' concealment of her injury from her.  In fact, given the fact that Huang herself

28   reported her injury/symptoms to defendant, it is difficult to see how she could make such a

1    claim.  Huang is mistaken in her apparent belief that all she need allege is defendants'

2    concealment of a work-place hazard.  Additionally, Huang fails to allege that any concealment

3    on defendants' part aggravated her injury.  Because the court finds that Huang has failed to

4    allege facts that establish two of the three required elements for a violation of § 3602, the court

5    need not decide whether Huang's metrorrhagia qualifies as an injury or is merely a symptom.

6    Thus, the eighth cause of action is dismissed with prejudice.

7    E.      Motion to Strike Allegations of Disability

8           Defendants' previous motion to dismiss Huang's claim for disability discrimination was

9    granted by the court without leave to amend.  While Huang does not allege in the SAC a direct

10   claim of disability discrimination, she does allege discrimination based on disability as a

11   basis for claiming a violation of public policy.  Notwithstanding the lack of clarity of Huang's

12   pleadings, she has not alleged the existence of a disability.

13          Under California Government Code § 12926.1(c), a disability is defined as a condition

14   which places a limitation on a "major life activity."  Huang has failed to allege any such

15   limitation on "major life activity" in the SAC, and, accordingly, defendants' motion to strike

16   Huang's allegations of disability is GRANTED without leave to amend.  The court thus orders

17   all allegations of disability stricken from the SAC.

18                                          **CONCLUSION**

19          Defendants' motion to dismiss the fifth cause of action as to breach of contract is

20   DENIED.  However, Huang is bound to the facts alleged within the four corners of the SAC

21   with respect to this cause of action, to assure that defendants have sufficient notice of the

22   claim against them.  Defendants' motion to dismiss the sixth cause of action for breach of the

23   implied covenant of good faith and fair dealing is GRANTED without leave to amend.  With

24   respect to the seventh cause of action for defamation, defendants' motion to dismiss is

25   DENIED.  Defendants motion to dismiss the eighth cause of action for fraudulent concealment

26   is GRANTED without leave to amend, and the cause of action is dismissed with prejudice.

27   Defendants' motion to strike Huang's allegations of disability is GRANTED without leave to

28   amend.

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1    At the hearing, the court expressed concern regarding the overlap of the second cause

2  of action, for wrongful termination in violation of public policy, and the fourth cause of action,

3  for retaliatory wrongful termination.  Both the second and fourth causes of action name Chiron,

4  while only the fourth cause of action names Hashash, and, in the court's view,  these causes of

5  action are duplicative as to defendant Chiron.  The court observes that it is not entirely clear

6  how the court should proceed in fashioning jury instructions with respect to these two causes

7  of action.  However, the court acknowledges that this matter need not be resolved at this stage

8  of the proceedings.

9    Additionally, the court dismissed the claim against Augustus Okhamafe in ruling on the

10 defendants' motion to dismiss the FAC.  However, Okhamafe is still erroneously named  as a

11 defendant in the SAC.  <u>See</u> SAC ¶¶ 3, 22, 62, 66.  The court orders that all references to

12 Okhamafe as a defendant be stricken from the complaint.

13   Finally, the court will permit no further amendments to the complaint.  Therefore, the

14 SAC is the operative complaint.  The court will entertain no further motions to dismiss, and

15 requires the parties to proceed accordingly.

16

17 **IT IS SO ORDERED.**

18 Dated:   June 30, 2005

19 _____
                              /s/
   PHYLLIS J. HAMILTON
   United States District Judge

20

21

22

23

24

25

26

27

28